27015. STEWARD *v.* CRENSHAW.

DECIDED NOVEMBER 17, 1938.

*James R. Venable, B. J. Dantone,* for plaintiff.

*E. G. Jackson,* for defendant.

MACINTYRE, J.  J. B. Steward filed suit against C. O. Bloodworth and O. B. Crenshaw in the municipal court of Atlanta (DeKalb section) on a promissory note for $70.64, executed by C. O. Bloodworth and O. B. Crenshaw, payable to J. B. Steward. Crenshaw filed his plea of set-off, admitting the execution of the note on February 10, 1937, but alleging that on July 1, 1936, he purchased from Steward one half interest in Steward's business for $1000, on written agreement which provided that said business was free from all encumbrances; "all profits arising from said business to be shared as follows: one fifth part shall be shared equally as returns on capital investment.  Four fifths shall be shared in ratio to the average number of hours each partner shall work at the station. The difference in this division shall not exceed the ratio of ten to seven.  All losses shall be shared equally."  Further, that at the time of the agreement the plaintiff owed the National Cash Register Company $175, Genuine Parts $12.64, Goodyear Tire & Rubber Company $138.44, Wofford Oil Company $62.65, Drennon & Zahn $4.62, A. M. Chandler Inc. $3.98, and owed Wofford Oil Company $25 which was paid by rebate check for $34, and claimed $54 by reason of the purchase and sale of two automobiles; that Crenshaw and his present partner Bloodworth had been forced to pay the accounts above enumerated, and that the plaintiff was indebted to him in the total of $485.33, with interest, "less the sum of $70.64," which is the amount here sued for.  Verdict and judgment were rendered against the plaintiff for $414.69 ($485.33 less $70.64).  After a new trial was refused, the plaintiff's certiorari was overruled by the superior court, to which overruling the plaintiff excepted.

The evidence disclosed that the partnership between Steward and Crenshaw began on July 1, 1936, and expired on October 17, 1936.

The contract of partnership provided, among other things, that said business was free from all encumbrances. On July 1, 1936, there were debts of $485.33 outstanding against the partnership. Crenshaw paid Steward $1000 for one half interest in the business. Crenshaw owed Steward the note for $70.64. It further appeared in evidence, construing it most favorably to the upholding of the verdict and against Steward, that during the continuation of the partnership the following payments were made out of the partnership assets on the old debts aforementioned; "Statement of Drennon & Zahn to J. B. Steward Service Station, showing account as of July 1, 1936, in the sum of $4.62, together with check payable to Drennon & Zahn, dated July 14, 1936, in the sum of $4.62, signed by J. B. Steward. Account of Genuine Parts Company to J. B. Steward Service Station, showing the balance as of July 1, 1936, in the sum of $12.64, and check payable to Genuine Parts Company dated August 4, 1936, in the sum of $19.74, and signed by J. B. Steward, in the left-hand corner of which is stated that the check is for June and July accounts." The testimony of Crenshaw disclosed the following: "Q. Was this $138.44 account paid out of the business? A. Yes, sir, paid out of the business. Q. With the exception of this check? A. No. That was something Mr. Steward owed before I ever saw him." It appeared that A. M. Chandler was given a check for $1.25, but it does not appear whether it was given for a current bill or for the old bill. Not being in the full amount of the old account, we presume it was given for a current expense. It further appears that $62.65 was paid to Wofford Oil Company by Bloodworth and Crenshaw on November 16, 1936, but this was after Steward had sold out to Bloodworth. The balance due to the National Cash Register Company, $175, was still unpaid, and was transferred to the account of Bloodworth and Crenshaw on November 6, 1936. A total of $155.70 was paid on the old accounts out of the assets of the Steward-Crenshaw partnership. The evidence also disclosed that Steward received approximately $281.35 out of the partnership assets which he drew out for living expenses, and that Crenshaw received $15 per week for approximately 15 weeks, making a total of $225. These amounts thus received ($281.35 by Steward, and $225 by Crenshaw); are in the ratio of approximately 10 to 7 as per agreement.

The burden was upon the defendant Crenshaw to show how much

time each partner gave to the business. He testified to certain facts that showed that he did work at the station on several occasions, but that he had another job with the Georgia Power Company, and left the running of the station largely up to Steward. He did not carry this burden of proof sufficiently to allow him to share equally in the profits for work done at the station. However, in view of the articles of partnership, that, in so far as the work at the station was concerned, the difference in the division as pay for their work should "not exceed the ratio of ten to seven," the defendant was entitled to an amount which was in the ratio of seven to ten as compared with the amount to which the plaintiff was entitled. Assuming that it was necessary for these bills to be paid by the partnership in order to protect its business from such creditors, there are, we think, three propositions upon which to predicate a verdict and judgment in this case. First: If the evidence disclosed that none of the assets of the partnership composed of Crenshaw and Steward were used to pay, during the continuation of such partnership, those bills due on July 1, 1936, the date upon which Crenshaw became a partner, then a verdict in favor of Crenshaw, the defendant, in the full amount of such bills due ($485.33), less the amount of the note due Steward by Crenshaw ($70.64), would be authorized. Second: If the evidence disclosed that the assets of the partnership composed of Crenshaw and Steward were used to pay, during the continuation of such partnership, all the bills due on July 1, 1936, the date on which Crenshaw became a partner, then a verdict in one half the full amount of such bills ($242.66), less the amount of the note due Steward by Crenshaw ($70.64), would be authorized; one half of the $485.33 so paid being Steward's proportionate share of the partnership's assets, and the other half of the $485.33 so paid being Crenshaw's proportionate share of the partnership's assets. Third: If the evidence disclosed that the assets of the partnership composed of Crenshaw and Steward were used to pay, during the continuation of such partnership, only a part of the bills due on July 1, 1936, the day on which Crenshaw became a partner, then a verdict for the full amount thereof ($485.33), less one half of the amount so paid, less the amount of the note due to Steward by Crenshaw ($70.64), would be authorized; one half of the amount so paid being Steward's proportionate share of the partnership's assets, and the other half

of the amount so paid being Crenshaw's proportionate share of the partnership's assets. At the trial Crenshaw admitted the indebtedness of $70.64 as shown by the note sued on, and in his cross-action having alleged that Steward owed him $485.33, the burden was upon him to prove that Steward owed him at least this amount. The jury found that he had carried the burden. However, we are of the opinion that the evidence did not warrant a finding that none of the debts due on July 1, 1936, were paid out of the assets of the partnership composed of Steward and Crenshaw, the uncontradicted evidence showing that certain amounts were paid out of said partnership assets on some of these accounts due July 1, 1936, and during the continuation of such partnership. This being true, the third proposition applies, and the evidence did not warrant the verdict of "$485.36 less note for $70.64," and neither the verdict nor the judgment predicated thereon can stand. The judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*